STATE OF NORTH CAROLINA v. GEORGE BALDWIN, JR.

No. 7715SC406

(Filed 19 October 1977)

**Weapons and Firearms— possession of shotgun by felon—operability of gun—sufficiency of evidence**

In a prosecution for possession of a firearm by a convicted felon where the State offered evidence that defendant had been convicted of a felony within five years and that he was in possession of a shotgun, but there was no evidence as to whether the gun was operable, evidence was sufficient to require submission of the case to the jury and to support the verdict.

APPEAL by defendant from *Lee, Judge.* Judgment entered 7 December 1976 in Superior Court, ORANGE County. Heard in the Court of Appeals 30 September 1977.

Defendant was charged in a proper bill of indictment with possession of a firearm by a convicted felon. G.S. 14-415.1.

The evidence presented by the State tends to show the following: Early on the morning of 10 July 1976 a vehicle operated by defendant, George Baldwin, was stopped by a police officer in the town of Chapel Hill. An examination of the interior of the vehicle revealed a cartridge belt and a 12 gauge sawed-off shotgun. Shotgun shells were found in the pocket of the defendant. A criminal record introduced at trial by the State disclosed that on 2 March 1972 defendant had entered a plea of guilty to a charge of felonious assault.

Defendant offered no evidence.

The jury rendered a verdict of guilty as charged. From a judgment imposing a prison term of five years, defendant appealed.

*Attorney General Edmisten by Associate Attorney Norma S. Harrell for the State.*

*Levine and Stewart by John T. Stewart for the defendant.*

HEDRICK, Judge.

Defendant's assignments of error all relate to the single question of whether the State in a prosecution for violation of G.S. 14-415.1 is required to submit evidence that the gun of which defendant was charged with possessing was in operable condition. North Carolina General Statutes, § 14-415.1(a) reads as follows:

"It shall be unlawful for any person who has been convicted in any court of this State, of any other state of the United States . . . of feloniously violating any provision of Article . . . 8 . . . of Chapter 14 of the General Statutes to purchase, own, possess, or have in his custody, care, or control any handgun or other firearm with a barrel length of less than 18 inches or an overall length of less than 26 inches within five years from the date of such conviction . . . ."

In the present case the State produced evidence tending to prove the defendant's constructive possession of a shotgun "with a barrel length of less than 18 inches or an overall length of less than 26 inches within five years from the date of . . . [a] conviction" for felonious assault. There was also testimony that the shotgun had been examined by Alcohol, Tobacco, and Firearms agents to determine if it was operable. However, the State failed to introduce the results of this examination. Thus, the record is wholly devoid of any evidence that the shotgun found in defendant's possession was capable of being fired.

Since the issue raised is of first impression in this State, defendant requests that we look to other jurisdictions for guidance. In the cases cited by defendant from Pennsylvania, California and New York the courts have held that similar statutes in those states were "obviously intended to cover only objects which could cause violence by firing a shot," and therefore, that guns incapable of being fired were not "firearms" within the meaning of the statutes. *Commonwealth v. Layton*, 452 Pa. 495, ---, 307 A. 2d 843, 844 (1973). *See also People v. Jackson*, 266 Cal. App. 2d 341, 72 Cal. Rptr. 162 (1968); *People v. Boitano*, 18 N.Y.S. 2d 644 (1940). *But see State v. Middleton*, 143 N.J. Super. 18, 362 A. 2d 602 (1976). However, each of the cited cases can be distinguished from the present case by the fact that there was uncontroverted evidence in each case that the gun possessed by the defendant was inoperable. These same courts have pointed out in other cases that the State "need not show the weapon to have been operable until evidence of its inoperability has been introduced . . . ." *Commonwealth v. Horshaw*, 237 Pa. Super. 76, ---, 346 A. 2d 340, 342 (1975). *See also People v. Halcomb*, 172 Cal. App. 2d 177, 342 P. 2d 2 (1959).

In the present case there is no evidence as to whether the gun found in the defendant's possession was operable. We hold that the evidence offered by the State is sufficient to require the submission of the case to the jury and to support the verdict.

No error.

Judges BRITT and MARTIN concur.