STATE OF NORTH CAROLINA v. JACOB LEONARD WATTS

No. 8425SC310

(Filed 5 February 1985)

**1. Criminal Law § 66— identity of defendant as perpetrator of crime—sufficiency of evidence**

There was no merit to defendant's contention that the arresting officer who testified for the State failed to identify defendant as the perpetrator of the alleged offenses where the officer testified that he "first saw the automobile of the defendant Jacob Leonard Watts when he was travelling on 14th Avenue, N.W."; he continued to testify that he arrested "defendant" for driving under the influence of alcohol and also that he found a pistol in "defendant's" glove box; and this was sufficient identification of defendant for the jury to find that he was the perpetrator of the alleged offenses.

**2. Weapons and Firearms § 2— possession of firearm by felon—previous convictions—no contest plea**

If a defendant enters a plea, including a plea of no contest, so that a felony judgment or imprisonment for more than two years may be imposed, then it constitutes a conviction under G.S. 14-415.1, the statute making it a felony for a person convicted of certain crimes to have in his possession a handgun.

**3. Searches and Seizures § 9— arrest for driving under influence—search of car—admissibility of pistol**

There was no merit to defendant's contention that the trial court erred in admitting evidence of a pistol found in the glove compartment of his car

because the officer discovered it during an illegal search, since defendant was arrested for driving under the influence of alcohol and the officer's search of the vehicle, including the glove compartment, at that time was legal.

**4. Automobiles § 126.3— driving under the influence—blood test—qualified person**

In a prosecution of defendant for driving while under the influence of alcohol, testimony that defendant's blood was drawn by a blood technician at Frye Memorial Hospital was sufficient evidence that the sample was drawn by a qualified person as required by G.S. 20-139.1(c).

APPEAL by defendant from *Ferrell, Judge.* Judgments entered 18 November 1983 in Superior Court, Catawba County. Heard in the Court of Appeals 7 January 1985.

The defendant was tried for driving while under the influence of alcohol, a violation of G.S. 20-138 and possession of a firearm by a felon, a violation of G.S. 14-415.1.

The evidence for the State showed the following: On 4 February 1983, Rick Jordan, an officer of the City of Hickory Police Department, saw a car driven by the defendant Jacob Leonard Watts "weave back and forth several times." Mr. Jordan stopped the defendant's car and upon approaching the defendant he smelled a strong odor of alcohol. Mr. Jordan asked the defendant to exit the car, and as the defendant did so, he staggered. Mr. Jordan then informed the defendant that he was suspected of driving under the influence. Mr. Jordan asked the defendant to perform some field sobriety tests. After failing one, the defendant refused to perform any of the other tests. Mr. Jordan then arrested the defendant for driving under the influence of alcohol. Mr. Jordan then left the defendant with another police officer and began to search the car the defendant had been driving. In the glove compartment he found a 9 caliber Barretta automatic pistol loaded with six rounds of ammunition.

The defendant was taken to the hospital where someone the officer identified as "the blood technician" drew some blood. Carl Kempe, a chemist for the State Bureau of Investigation, analyzed the defendant's blood sample and found that it contained .26% alcohol. He also testified that alcohol used to clean the skin before inserting the needle used in drawing blood sample could cause a reading to be .07 to .10 higher. He did not know if alcohol was used on this defendant.

Sue Weston, a deputy clerk of Superior Court for Catawba County, testified that her office held two files which revealed that "Jacob Leonard Watts, Sr." in an earlier case had pleaded no contest to a felony controlled substance violation and that the court entered a judgment on this plea.

The defendant was convicted of both charges. He appealed from the imposition of an active prison sentence.

*Attorney General Rufus L. Edmisten by Special Deputy Attorney General Isaac T. Avery, III for the State.*

*Bartlett, Hannah & Greene by Thomas N. Hannah for defendant appellant.*

WEBB, Judge.

[1] The defendant first argues that the State's witness failed to identify the defendant in the courtroom as the perpetrator of the alleged offenses. Mr. Jordan testified that he "first saw the automobile of the defendant Jacob Leonard Watts, when he was traveling on 14th Avenue, N.W." He continued to testify that he arrested the "defendant" for driving under the influence of alcohol and also that he found a pistol in the "defendant's" glove box. This is sufficient identification of the defendant for the jury to find he was the perpetrator of the alleged offenses.

[2] The defendant next argues that evidence of his "no contest" plea in a prior case is insufficient to prove the element of a prior felony conviction under G.S. 14-415.1. The defendant argues our cases hold that pleas of no contest may not be used in subsequent matters. G.S. 14-415.1, which makes it a felony for a person convicted of certain crimes to have in his possession a handgun, defines conviction ". . . as a final judgment in any case in which felony judgment, or imprisonment for a term not exceeding two years, as the case may be, is permissible, without regard to the plea entered or to the sentence imposed." We believe the plain words of this statute require us to hold that if a defendant enters a plea, including a plea of no contest, so that a felony judgment or imprisonment for more than two years may be imposed then it constitutes a conviction under G.S. 14-415.1.

The defendant next argues that the prosecution failed to prove that the pistol was operable and thus failed to prove that it

was a firearm under G.S. 14-415.1. This assignment of error is overruled pursuant to *State v. Baldwin,* 34 N.C. App. 307, 237 S.E. 2d 881 (1977).

The defendant next argues the State failed to prove that Jacob Leonard Watts, Senior, identified in the previous judgment, was the person on trial in this case. Under G.S. 15A-924, the name "Jacob Leonard Watts, Senior," is sufficiently similar to "Jacob Leonard Watts" to constitute prima facie evidence that the "two defendants are the same person."

[3] The defendant next contends that the trial court erred in admitting evidence of the pistol because the officer discovered it during an illegal search.

In *New York v. Belton,* 453 U.S. 454, 69 L.Ed. 2d 768, 101 S.Ct. 2860 (1981), the defendant was removed from his car and arrested. Then, a search of the unoccupied passenger compartment of the car yielded cocaine. The U.S. Supreme Court held that the search did not violate the Fourth and Fourteenth Amendments because the defendant was the subject of a lawful custodial arrest and the area searched was " '. . . within the arrestee's immediate control' within the meaning of the *Chimel* [395 U.S. 752, 23 L.Ed. 2d 685, 89 S.Ct. 2034 (1969)] case." Footnote 4 in the majority opinion of *Belton* states that closed glove compartments are searchable containers. 453 U.S. at 460, 69 L.Ed. 2d at 775, 101 S.Ct. at 2864.

In the present case the defendant contends he was arrested and held in custody away from the car while the arresting officer searched the glove compartment. *Belton* holds that such a search is legal.

[4] The defendant's final argument is that the trial court erred in admitting evidence of the defendant's blood alcohol level because it was not established that the sample was drawn by a qualified person as required by G.S. 20-139.1.

G.S. 20-139.1(c) states that a valid chemical analysis requires blood drawn by "a physician, registered nurse, or other qualified person . . ." Mr. Jordan testified that the sample was drawn by a blood technician at Frye Memorial Hospital. This is evidence that the sample was drawn by a qualified person.

No error.

Judges EAGLES and COZORT concur.