JOSEPH O. JOYNER AND WIFE, ANN C. JOYNER; JUANITA PROFFITT; MARY
TRAXLER; LAWRENCE SPRINKLE, JR.; AND DAVID BELL, PLAINTIFFS
v. THE TOWN OF WEAVERVILLE, A MUNICIPAL CORPORATION, DEFENDANT,
AND KENMURE ENTERPRISES, INC., INTERVENOR

No. 8828SC872

(Filed 5 July 1989)

**Municipal Corporations § 2.4— annexation of noncontiguous area—
owners of property outside area to be annexed—no standing
to sue**

Plaintiffs who were citizens, residents, property owners,
and taxpayers in defendant town had no standing to challenge
defendant's annexation of 89.68 acres of noncontiguous proper-
ty, since N.C.G.S. §§ 160A-38 and 160A-50 allow only the owners
of property in the annexed territory to challenge the annexa-
tion in court.

APPEAL by plaintiffs from Judgment of *Judge Robert D. Lewis*
entered 16 June 1988 in BUNCOMBE County Superior Court. Heard
in the Court of Appeals 15 March 1989.

*Patla, Straus, Robinson & Moore, P.A., by Harold K. Bennett,*
*for plaintiff appellants.*

*Carter and Kropelnicki, P.A., by Steven Kropelnicki, Jr.; and*
*Barnes & Wadford, P.A., by William A. Barnes, for defendant*
*appellee.*

*Van Winkle, Buck, Wall, Starnes & Starnes, P.A., by Albert*
*L. Sneed, Jr., for intervenor appellee, Kenmure Enterprises, Inc.*

COZORT, Judge.

Plaintiffs, residents and property owners in defendant Town
of Weaverville, instituted an action in which they sought to enjoin
the Town from placing into effect an ordinance annexing into the
corporate limits of the Town 89.68 acres of noncontiguous property
belonging to intervenor Kenmure Enterprises, Inc. The trial court
held that, while plaintiffs had standing to challenge the ordinance,
the annexation was nonetheless lawful. We hold that plaintiffs did
not have standing. We therefore affirm judgment in favor of
defendants.

**JOYNER v. TOWN OF WEAVERVILLE**

[94 N.C. App. 588 (1989)]

The facts are as follows: By petition dated 12 January 1988, Kenmure Enterprises, Inc. ("Kenmure"), petitioned the Town of Weaverville to annex an 89.68-acre, noncontiguous parcel, which was part of a larger 250-acre tract belonging to Kenmure. Attached to the petition was an unrecorded plat showing three parcels: (1) the 89.68-acre parcel in the northern part of the tract, (2) a smaller parcel (approximately 25 acres) in the northeast corner, and (3) a larger parcel (approximately 135 acres) in the southern part of the tract. Pursuant to N.C. Gen. Stat. § 160A-58.2, the Town held a public hearing and thereafter determined that the parcel met the statutory requirements and should be annexed. See N.C. Gen. Stat. § 160A-58.2 (1988). An ordinance annexing the parcel was enacted, effective 1 July 1988.

Plaintiffs, as "citizens, residents, property owners and tax-payers in the Defendant, Town of Weaverville" brought suit to enjoin the Town from placing the ordinance into effect. The Town filed Answer, praying that plaintiffs' suit be dismissed for lack of standing. Kenmure's Motion to Intervene was granted.

The matter thereafter came on for hearing before the trial court. Plaintiffs' position was that the Town had improperly annexed part of a subdivision, in contravention of N.C. Gen. Stat. § 160A-58.1(b)(4). In support of their position, plaintiffs relied upon various exhibits (unrecorded maps or plats) allegedly showing that the entire 250-acre tract comprised the "Reems Creek" subdivision, which had been divided into lots or divisions "for the purpose of sale or building development (whether immediate or future)" and involved street dedications. See N.C. Gen. Stat. §§ 160A-58.1(b)(4) and 160A-376 (1988). Defendant Town and Kenmure argued that the entire tract was undeveloped, that the plat attached to the petition showed that the two unannexed parcels were each larger than ten acres, and that no recorded plat showed any further division or street or highway dedication. Kenmure's position was that, were it not for the 10% limitation contained in N.C. Gen. Stat. § 160A-58.1, they would have petitioned the Town to annex all of the 250-acre tract, and that, until such time as further annexation was allowed by law, there would be no development of the unannexed parcels into lots with street dedications.

After ruling that plaintiffs had standing to challenge the annexation, the trial court found, *inter alia*, that no recorded plat showed any street or highway dedications; that a plat showing lots in

all of the 250 acres had been prepared but was later redrawn to show lots only in the annexed area; that the brochure distributed by Kenmure at the public hearing showed the lay-out of a residential subdivision, including lots and street dedications, all within the annexed area; and that there were no contracts of sale between Kenmure and buyers for property outside the annexed area. The court concluded that "for the purposes of this decision the entire 250 acres is considered to be a 'subdivision' within the purview of G.S. 160A-376," but that, since the entire tract could not lawfully be annexed and the property was in the "development stage," the statute did not prevent annexation of part of the tract. The court therefore denied plaintiffs' prayer for injunctive relief. Plaintiffs appeal to this Court.

When an annexation ordinance is challenged, the first issue to be addressed is whether the plaintiffs are authorized to maintain their action. *Taylor v. City of Raleigh*, 290 N.C. 608, 617, 227 S.E. 2d 576, 581 (1976). The rule governing the resolution of the issue of standing was stated in *Taylor* as follows:

[U]nless an annexation ordinance be absolutely void (*e.g.*, on the ground of lack of legislative authority for its enactment), in the absence of specific statutory authority to do so, private individuals may not attack, collaterally or directly, the validity of proceedings extending the corporate limits of a municipality.

*Id.*, 227 S.E. 2d at 581-82. The question therefore becomes one of whether the plaintiffs fall within the class of designated persons authorized by the Legislature to contest the validity of annexation ordinances.

Judicial review of annexations involving adjacent or contiguous areas is authorized by N.C. Gen. Stat. §§ 160A-38 and 160A-50. N.C. Gen. Stat. §§ 160A-38(a), -50(a) (1988). Those sections allow only the owners of property in the annexed territory to challenge the annexation in court. *See id.* In contrast, no judicial review is provided for annexations of noncontiguous territory, as such annexations are, by statute, the result of voluntary petitions by the property owners. *See* N.C. Gen. Stat. § 160A-58.1 (1988).

Section 160A-58.2, relied upon by the trial court, grants to residents and owners of property in the area to be annexed, and to residents of the annexing city, the right to be heard on the annexation issue at the public hearing. *See* N.C. Gen. Stat. § 160A-58.2

(1988). Nothing in that section extends the power of judicial review. *Taylor*, 290 N.C. at 617, 227 S.E. 2d at 581.

We therefore hold that plaintiffs had no standing to seek judicial review of the Town's annexation ordinance. In so holding, we do not address the merits of plaintiffs' appeal.

Judgment in favor of defendant Town of Weaverville is therefore

Affirmed.

Judges EAGLES and GREENE concur.