RONALD RICHARDSON v. WILLIAM S. HIATT, COMMISSIONER, NORTH CAROLINA DIVISION OF MOTOR VEHICLES

No. 887SC1096

(Filed 15 August 1989)

1. **Automobiles and Other Vehicles § 126.3— driving while impaired—taking of blood sample—nurse present in emergency room—willful refusal to be tested—no question as to presence of qualified person to draw blood**

The trial court erred in concluding that respondent failed to show that a physician, registered nurse, or other qualified person was present to withdraw petitioner's blood at the time the sample was requested and that petitioner therefore did not willfully refuse to be tested, since petitioner must state with a reasonable degree of specificity the basis upon which the contention rests that a refusal to be tested was not willful because the means of chemical analysis were invalid; there was no record in the trial below of proper allegations by petitioner; two officers in this case testified that a nurse was present in a hospital emergency room to withdraw petitioner's blood; and there was no evidence to support the trial court's finding to the contrary.

RICHARDSON v. HIATT

[95 N.C. App. 196 (1989)]

2. **Automobiles and Other Vehicles § 125— driving while impaired—reasonable grounds for arrest**

An officer had reasonable grounds to arrest petitioner for impaired driving, and his driver's license was properly revoked for refusal to submit to a chemical analysis of his blood, where petitioner had been involved in a one vehicle accident in which his car went off the road into a ditch at a time when driving conditions were excellent; petitioner told the officer that he had fallen asleep at the wheel; and the officer detected the strong odor of alcohol about petitioner.

APPEAL by respondent from Judgment of *Judge Napoleon Barefoot* entered 11 August 1988 in NASH County Superior Court. Heard in the Court of Appeals 19 April 1989.

*Ralph G. Willey, III, for petitioner appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Mabel Y. Bullock, for respondent appellant.*

COZORT, Judge.

Petitioner's driver's license was revoked by the respondent, Division of Motor Vehicles (DMV), for willfully refusing to submit to chemical analysis of his blood to determine its alcohol concentration. A DMV hearing officer affirmed the revocation. Petitioner filed for a hearing *de novo* in Superior Court under N.C. Gen. Stat. § 20-16.2(e). The trial court ordered that petitioner's driving privileges be fully restored because DMV failed to prove that a physician, registered nurse or other qualified person was available to withdraw blood at the time the charging officer requested petitioner to submit to a blood test. William Hiatt, Commissioner of DMV, appeals the trial court's judgment. We reverse. Petitioner cross appeals contending that the charging officer did not have reasonable grounds to believe that petitioner committed an implied consent offense when the officer requested that petitioner submit to a blood test. On petitioner's cross appeal we affirm. The facts follow.

Petitioner was involved in a one-car accident when his vehicle went off the road and into an adjacent ditch on 27 August 1987, on a clear day at approximately 3:00 p.m. Officer Lynn Lewis, Jr., of the Rocky Mount Police Department, was dispatched to the accident scene.

RICHARDSON v. HIATT

[95 N.C. App. 196 (1989)]

Upon arriving, Officer Lewis asked a group of five or six people gathered at the scene whether any of them was the driver of the car. Petitioner responded that he was the driver. He then produced, at the officer's request, his license and registration.

Petitioner, complaining of a head injury, was transported by ambulance to a local hospital shortly after speaking with Officer Lewis. The officer detected a strong odor of alcohol from petitioner and formed an opinion that he was under the influence of alcohol.

While Officer Lewis was en route to the hospital, he called Officer William Hoehlein, also of the Rocky Mount Police Department, to perform a chemical analysis of petitioner. Officer Hoehlein is a certified chemical analyst authorized to administer a breathalyzer test. But at the time in question he was not authorized to withdraw blood for chemical analysis.

At the hospital, Officer Hoehlein fully advised petitioner of his rights concerning chemical analysis. The officer testified that petitioner was very coherent and indicated that he understood his rights.

In the hospital's emergency room and with Officer Hoehlein in attendance, Officer Lewis requested that petitioner allow a nurse who was standing nearby to withdraw a blood sample to determine the amount of alcohol in his blood. Officer Hoehlein testified that the nurse was present in the room and "actually had the needle in hand, so to speak." Petitioner responded that he was not going to allow anyone to withdraw his blood. Officer Hoehlein then told petitioner that he would be cited as a voluntary refusal if he did not give the nurse a blood sample. Petitioner responded that he did not care.

[1] Petitioner's driver's license was revoked for willfully refusing to submit to chemical analysis, pursuant to N.C. Gen. Stat. § 20-16.2. The revocation was affirmed by a DMV hearing officer. Upon a hearing *de novo* the trial court reversed the revocation order, concluding that petitioner did not willfully refuse to be tested because respondent failed to show that a physician, registered nurse or other qualified person was present to withdraw petitioner's blood at the time the sample was requested.

N.C. Gen. Stat. § 20-139.1(c) provides that "[w]hen a blood test is specified as the type of chemical analysis by the charging officer, only a physician, registered nurse, or other qualified person may

withdraw the blood sample." N.C. Gen. Stat. § 20-139.1(c) (1988). This Court has held that the State has the burden of proving compliance with this section. *State v. Bailey*, 76 N.C. App. 610, 613, 334 S.E.2d 266, 269 (1985).

Sections 20-16.2(e) and 20-25 provide petitioner the right for a hearing *de novo* in Superior Court to determine whether he willfully refused to submit to chemical analysis upon request of the charging officer. *See* N.C. Gen. Stat. § 16-2(d)(5), (e) (Cum. Supp. 1988); N.C. Gen. Stat. § 20-25 (1988).

The petitioner has the right to challenge in his petition whether the person who stood ready to withdraw the blood sample was qualified under N.C. Gen. Stat. § 20-139.1(c). *See, e.g., Bailey*, 76 N.C. App. at 613, 334 S.E.2d at 268-69. But such a challenge must be raised in the petition to give the State ample notice and opportunity to respond. It is essential that the State be given notice so that the trial court can fairly examine the testimony offered by both sides and thoroughly examine the facts of the case as the statute requires. *See* N.C. Gen. Stat. § 20-25 (1988); *In re Austin*, 5 N.C. App. 575, 580, 169 S.E.2d 20, 23 (1969). Since the hearing in superior court is *de novo*, the trial court does not have the benefit of the evidence offered before the hearing officer and instead must rely upon the parties—particularly the petitioner—to guide him as to the salient issues. Therefore, petitioner must state with a reasonable degree of specificity the basis upon which the contention rests that a refusal to be tested was not willful because the means of chemical analysis were invalid. There is no record below of proper allegations by the petitioner.

Moreover, in *State v. Watts*, 72 N.C. App. 661, 664, 325 S.E.2d 505, 507, *disc. rev. denied*, 313 N.C. 611, 332 S.E.2d 83 (1985), this Court held that testimony from the charging officer that the blood sample was drawn by a blood technician at a hospital was sufficient evidence that the blood was drawn by a qualified person under § 20-139.1(c). In this case both Officers Lewis and Hoehelin testified that a nurse was present to withdraw petitioner's blood. Officer Hoehlein further testified that she was "authorized to do that." There was no evidence to the contrary. Thus the only evidence before the trial court was that a nurse was present to withdraw the blood. There was no evidence to support the trial court's finding to the contrary. We find *Watts* controlling, and we must reverse

the trial court's judgment that the State failed to carry its burden of proof to show compliance with § 20-139.1(c).

[2] In his cross appeal, petitioner contends that the trial court erred in refusing to reverse the revocation on the grounds that the charging officer did not have probable cause to arrest petitioner for an implied consent offense. He argues that the State failed to show evidence tending to support a reasonable basis to arrest him for impaired driving beyond the testimony of Officer Lewis that he detected from petitioner the strong odor of alcohol. We disagree.

Probable cause to arrest exists when the officer has reasonable grounds to believe that a crime has been committed and that the suspect committed it. *State v. Streeter*, 283 N.C. 203, 207, 195 S.E.2d 502, 505 (1973). In this case there was additional evidence, beyond the strong odor of alcohol, that gave Officer Lewis reasonable grounds to believe petitioner had been driving while impaired. First, petitioner had been involved in a one-vehicle accident in which his car went off the road into a ditch. The accident occurred when driving conditions were excellent. It occurred on a clear day in the middle of the afternoon. Second, Officer Lewis testified that petitioner told him that he had fallen asleep at the wheel. The evidence surrounding the accident and petitioner's reason for its occurrence, coupled with the strong odor of alcohol detected from him, gave Officer Lewis reasonable grounds to arrest petitioner for impaired driving. *See Church v. Powell*, 40 N.C. App. 254, 257, 252 S.E.2d 229, 231 (1979).

In DMV's appeal we reverse the trial court's order rescinding DMV's revocation on the grounds that the State failed to prove compliance with § 20-139.1(c). In petitioner's cross appeal we affirm the trial court's judgment denying his motion to rescind the revocation order for lack of probable cause. The cause is remanded to Nash County Superior Court for entry of an order affirming the revocation of petitioner's driver's license.

Reversed in part, affirmed in part, and remanded.

Judges PHILLIPS and PARKER concur.