TOWN OF SEVEN DEVILS v. VILLAGE OF SUGAR MOUNTAIN

No. COA96-539

(Filed 18 March 1997)

**Municipal Corporations § 117 (NCI4th)— standing to challenge annexation—another municipality**

Plaintiff municipality did not have standing to challenge the validity of an annexation ordinance of defendant municipality. Assuming that N.C.G.S. § 160A-58.1(b)(2) grants a municipality standing to contest the annexation of noncontiguous property that is closer to its corporate limits than it is to the corporate limits of the annexing municipality, this statute was inapplicable where the annexed properties had a common boundary with a previously annexed ten-foot-wide strip of land and thus were contiguous to the annexing municipality.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 70.**

**Standing of municipal corporation or other governmental body to attack zoning of land lying outside its borders. 49 ALR3d 1126.**

**Right of one governmental subdivision to challenge annexation proceedings by another such subdivision. 17 ALR5th 195.**

Appeal by plaintiff from order entered 5 March 1996 in Avery County Superior Court by Judge Loto G. Caviness. Heard in the Court of Appeals 28 January 1997.

*David R. Paletta for plaintiff-appellant.*

*Joseph W. Seegers for defendant-appellee.*

GREENE, Judge.

The Town of Seven Devils (plaintiff) appeals from the dismissal pursuant to N.C. Gen. Stat. § 1A, Rule 12(b)(6) of its complaint seeking a declaration that certain annexations by the Village of Sugar Mountain (defendant) were null and void.

The allegations of the complaint reveal that on 30 March 1995 the North Carolina Wilderness Limited Partnership (N.C.W.L.), the owner

of a tract of land in Avery County, North Carolina referred to as Linville Ridge, submitted a petition for voluntary annexation to the defendant, a municipal corporation chartered under the laws of North Carolina. On 25 April 1995 the defendant adopted an ordinance annexing the N.C.W.L. property. On 25 April 1995 Wilmor Corporation (Wilmor), Douglas V. and Lillian Coffey (Coffey), and Carroll and Gayle Garland (Garland) petitioned the defendant for annexation. On 9 May 1995 the defendant adopted an ordinance annexing the Wilmor, Coffey and Garland properties. The N.C.W.L. annexation consists of a strip of land ten feet wide extending from the 25 April 1995 corporate limits of the defendant to the Wilmor, Coffey and Garland properties, which were not contiguous (prior to the N.C.W.L. annexation) to the defendant's corporate limits.

Plaintiff, a municipal corporation chartered under the laws of North Carolina, is located across a roadway from the Wilmor, Coffey and Garland properties. The boundaries of these properties, prior to 25 April 1995, were "closer to the corporate limits" of plaintiff than they were to the corporate limits of the defendant.

The dispositive issue is whether plaintiff has standing to challenge the validity of the defendant's annexation of the properties.

The North Carolina Declaratory Judgment Act (Act) provides that "[a]ny person [including a municipal corporation] interested . . . , whose rights, status or other legal relations are affected by a . . . municipal ordinance," may "obtain a declaration of rights." N.C.G.S. § 1-254 (1996); N.C.G.S. § 1-265 (1996).

The plaintiff argues that it is an "interested" party and thus has the right to contest the defendant's annexation of the N.C.W.L., Wilmor, Coffey and Garland properties and the trial court therefore erred in granting the defendant's Rule 12(b)(6) motion to dismiss. We disagree.

Except where an annexation ordinance is void and except where there is "specific statutory authority [authorizing a party to] attack, collaterally or directly, the validity of proceedings extending the corporate limits of a municipality," the State is the only party authorized to prosecute such an action. *Taylor v. City of Raleigh*, 290 N.C. 608, 617, 227 S.E.2d 576, 581-82 (1976). Our legislature has provided that "any person owning property in the annexed territory" may challenge an annexation in court. N.C.G.S. § 160A-38(a) (1994); N.C.G.S.

§ 160A-50(a); *Joyner v. Town of Weaverville*, 94 N.C. App. 588, 590, 380 S.E.2d 536, 537 (1989).

In this case there is no contention that the annexation is void. The plaintiff does not argue that the legislature has promulgated any statute that expressly authorizes one municipality to challenge the annexation ordinance of another municipality and we have found no such statute. Plaintiff does argue, however, that section 160A-58.1(b) implicitly vests it with standing to contest the annexation at issue because its corporate limits are closer to the Wilmor, Coffey and Garland properties than the corporate limits of the defendant. This statute does preclude the annexation of a noncontiguous area if any "point on the proposed satellite corporate limits [is] closer to the primary corporate limits of another city than to the primary corporate limits of the annexing city." N.C.G.S. § 160A-58.1(b)(2) (1994). Assuming this statute does grant a municipality standing to contest the annexation of noncontiguous property that is closer to its corporate limits than it is to the corporate limits of the annexing municipality, the statute is of no help to the plaintiff in this case. At the time the defendant annexed the Wilmor, Coffey and Garland properties, those properties were contiguous areas, as they had a common boundary with the N.C.W.L. properties which were within the defendant's corporate limits. Thus section 160A-58.1(b) has no applicability to this proceeding.

Because there is no statutory authority granting plaintiff standing to challenge the questioned annexations, the trial court correctly dismissed the complaint.

Affirmed.

Judges EAGLES and MARTIN, John C., concur.