FRIEND v. STATE

[169 N.C. App. 99 (2005)]

━━━━━━━━

DONALD CLAUDE FRIEND, PLAINTIFF v. STATE OF NORTH CAROLINA, DEFENDANT

No. COA04-570

(Filed 15 March 2005)

**Firearms and Other Weapons— status as convicted felon— prayer for judgment continued**

A defendant who pled guilty to felony sale and delivery of a controlled substance and felony conspiracy to sell a controlled substance and received a prayer for judgment continued for those charges was a convicted felon for purposes of N.C.G.S. § 14-404 and was thus not entitled to obtain a permit to purchase a handgun.

Judge LEVINSON dissenting.

Appeal by the State of North Carolina from judgment entered 2 March 2004 by Judge Lisa V.L. Menefee in Forsyth County District Court. Heard in the Court of Appeals 17 February 2005.

*Theodore M. Molitoris for plaintiff-appellee.*

*Attorney General Roy Cooper, by Assistant Attorney General Lorrin Freeman and Assistant Attorney General Ashby Ray, for the State.*

TIMMONS-GOODSON, Judge.

The State of North Carolina ("the State") appeals the entry of summary judgment in favor of Donald Claude Friend ("plaintiff") in a declaratory judgment action. Because plaintiff was a convicted felon for the purposes of N.C. Gen. Stat. § 14-404, we reverse.

The facts and procedural history pertinent to the instant appeal are as follows: In 1980, plaintiff was charged in Forsyth County with possession with intent to sell and deliver a controlled substance, sale and delivery of a controlled substance, and conspiracy to sell and deliver a controlled substance. On 24 March 1981, plaintiff entered a plea of guilty to misdemeanor possession of a controlled substance, felony sale and delivery of a controlled substance, and felony conspiracy to sell a controlled substance. Plaintiff received a suspended sentence on the misdemeanor charge, and a prayer for judgment continued was entered with regard to the two felony charges.

Pursuant to N.C. Gen. Stat. § 14-403, on 31 October 2003, plaintiff applied for a permit to purchase a pistol in Forsyth County. In response to a question on the permit application, plaintiff indicated that he had not previously been convicted of a felony. The Forsyth County Sheriff's Office subsequently denied plaintiff's application, noting that plaintiff had previously been convicted for felony sale and delivery of a controlled substance.

On 11 November 2003, plaintiff was indicted for perjury and attempting to obtain property by false pretenses in connection with the pistol purchase permit application. The charges were dismissed on 5 December 2003. On 17 December 2003, plaintiff filed a declaratory judgment complaint against the State, seeking to determine "his status as a 'convicted felon' and his entitlement to lawfully obtain a handgun permit." The declaratory judgment complaint requested that the trial court enter a judgment adjudicating the following:

FRIEND v. STATE

[169 N.C. App. 99 (2005)]

1. That this plaintiff is not a "convicted felon" under the laws of this State; and

2. That the plaintiff is entitled to all privileges and responsibilities guaranteed by United States of America and State of North Carolina citizenship; and

3. That the plaintiff is entitled to obtain a handgun permit from the Forsyth County, North Carolina Sheriff's Department or any other lawful jurisdiction within the State of North Carolina; and

4. For such other and further relief as to the Court seems just and proper.

On 22 January 2004, the State filed a motion requesting summary judgment in its favor as well as dismissal of plaintiff's complaint for failure to join a necessary party. On 30 January 2004, plaintiff moved the trial court to award summary judgment in his favor and to grant him the relief requested in the declaratory judgment complaint. On 2 March 2004, the trial court entered a declaratory judgment containing the following pertinent findings of fact:

4. The Judgment for "Prayer for Judgment Continued from term to term to term" in the felony guilty pleas was not a "conviction" with respect to the two felony guilty pleas entered.

5. The plaintiff is not a "convicted felon" under the laws and the Constitution of the State of North Carolina.

6. The plaintiff is entitled to a handgun permit in Forsyth County or any other territorial jurisdiction.

Based upon these findings of fact, the trial court awarded summary judgment in plaintiff's favor and denied the State's motion to dismiss plaintiff's complaint. The declaratory judgment contains the following pertinent decrees:

3. The plaintiff is adjudged to not be a "convicted felon" under the Constitution or the laws of the State of North Carolina; and

4. The plaintiff is entitled to apply for and obtain a handgun permit in Forsyth County, State of North Carolina or any other territorial jurisdiction.

The State appeals.

The dispositive issue on appeal is whether the trial court erred by ruling that plaintiff is not a convicted felon.[1] The State argues that plaintiff's prior prayer for judgment continued qualifies as a felony conviction for the purposes of N.C. Gen. Stat. § 14-404. We agree.

The record reflects that plaintiff applied for a permit to purchase a pistol pursuant to N.C. Gen. Stat. § 14-403 (2003), which requires that handgun licenses or permits be issued by a county sheriff. N.C. Gen. Stat. § 14-404(c)(1) (2003) provides that a handgun permit may not be issued to an individual "who is under an indictment or information for or has been convicted in any state, or in any court of the United States, of a felony[.]" When an individual is a convicted felon, N.C. Gen. Stat. § 14-415.1(a) (2003) prohibits the individual from purchasing, owning, possessing, or having in his custody, care, or control, "any handgun or other firearm with a barrel length of less than 18 inches or an overall length of less than 26 inches[.]" The statute further provides in pertinent part:

> (b) Prior convictions which cause disentitlement under this section shall only include:
>
> (1) Felony convictions in North Carolina that occur before, on, or after December 1, 1995; and
>
> . . . .
>
> When a person is charged under this section, records of prior convictions of any offense, whether in the courts of this State, or in the courts of any other state or of the United States, shall be admissible in evidence for the purpose of proving a violation of this section. The term "conviction" is defined as a final judgment in any case in which felony punishment, or imprisonment for a term exceeding one year, as the case may be, is permissible, with-

---

1. The trial court also ruled that plaintiff "is entitled to apply for and obtain a handgun permit in Forsyth County, State of North Carolina or any other territorial jurisdiction." However, on 1 March 2004, prior to the trial court's entry of its order, plaintiff filed a stipulation withdrawing "the request for relief stated in the Complaint to the effect that the plaintiff desires that the Court adjudicate that he is entitled to obtain a handgun permit from the Forsyth County Sheriff's Department or in any other lawful jurisdiction in the State of North Carolina." We note that by virtue of plaintiff's express withdrawal of the request, the trial court was without authority to rule on the issue. Furthermore, pursuant to N.C. Gen. Stat. § 14-404, whether an individual has been convicted of a felony is only one of several factors to be considered by the sheriff in determining whether to issue a handgun permit. Although we recognize that the State has assigned error to this issue on appeal, because we have determined that other issues in the appeal are dispositive, we choose not to address the issue.

**FRIEND v. STATE**

[169 N.C. App. 99 (2005)]

out regard to the plea entered or to the sentence imposed. A judgment of a conviction of the defendant or a plea of guilty by the defendant to such an offense certified to a superior court of this State from the custodian of records of any state or federal court shall be prima facie evidence of the facts so certified.

N.C. Gen. Stat. § 14-415.1(b).

In the instant case, the trial court concluded that plaintiff's pleas of guilty to felony sale and delivery of a controlled substance and felony conspiracy to sell a controlled substance did not result in a "conviction" because plaintiff received a prayer for judgment continued with respect to the charges. However, we note that in *State v. Sidberry*, 337 N.C. 779, 448 S.E.2d 798 (1994), the defendant argued that a prayer for judgment continued did not constitute a final judgment and should not be treated as a conviction for the purposes of N.C. Gen. Stat. § 8C-1, Rule 609. Citing the well-established rule that " 'a plea of guilty, freely, understandingly, and voluntarily entered, is equivalent to a conviction of the offense charged[,]' " our Supreme Court concluded that the defendant's prior pleas of guilty to sale and delivery of cocaine, although continued pending disposition of a murder charge, could be used to attack the defendant's credibility when he testified during the murder trial. *Id.* at 782, 448 S.E.2d at 800 (quoting *State v. Watkins*, 283 N.C. 17, 27, 194 S.E.2d 800, 808, *cert. denied*, 414 U.S. 1000, 38 L. Ed. 2d 235 (1973)). Similarly, in *State v. Hatcher*, 136 N.C. App. 524, 524 S.E.2d 815 (2000), the defendant argued that the trial court erred in computing his prior record level by assessing points to a charge to which he pled no contest and for which prayer for judgment was continued. This Court noted that, for the purposes of the Fair Sentencing Act, a person is convicted " 'when he has been adjudged guilty or has entered a plea of guilty or no contest[,]' " and "formal entry is not required to have a conviction." *Id.* at 527, 524 S.E.2d at 817 (quoting N.C. Gen. Stat. § 15A-1331(b) (1997)). "Consequently," we concluded that the defendant "was convicted of the prior offense when he entered the plea of no contest even though no final judgment had been entered." *Hatcher*, 136 N.C. App. at 527, 524 S.E.2d at 817; *see Britt v. North Carolina Sheriffs' Educ. & Training Stds. Comm'n*, 348 N.C. 573, 576-77, 501 S.E.2d 75, 77 (1998) (concluding that a plea of no contest to misdemeanor obstruction of justice was a "conviction" for purposes of the petitioner's deputy sheriff's certification, despite the trial court's entry of a prayer for judgment continued).

Plaintiff contends that these cases do not apply to the Felony Firearms Act and are instead limited to the statutes discussed therein. However, plaintiff provides no authority for this contention, and we note that in *State v. Watts*, 72 N.C. App. 661, 325 S.E.2d 505, *disc. review denied*, 313 N.C. 611, 332 S.E.2d 83 (1985), the defendant argued that evidence of his "no contest" plea in a prior case was insufficient to prove that he had been previously convicted of a felony under N.C. Gen. Stat. § 14-415.1. After reviewing the statute, this Court concluded that "the plain words of th[e] statute require[] us to hold that if a defendant enters a plea, including a plea of no contest, so that a felony judgment or imprisonment for more than two years may be imposed[,] then it constitutes a conviction under G.S. 14-415.1." *Id.* at 663, 325 S.E.2d at 506. In the instant case, plaintiff pled guilty to the sale and delivery of a controlled substance and conspiracy to sell a controlled substance, both felony charges. We conclude that the reasoning of *Watts* and the above-cited cases are both persuasive in and applicable to the instant case.

Under N.C. Gen. Stat. § 14-415.1(b), a conviction is a judgment in which felony judgment or imprisonment for more than one year is permissible, "without regard to the plea entered or to the sentence imposed." Under N.C. Gen. Stat. § 14-415.1(c), the indictment charging an individual with possession of a firearm by a felon must set forth the date the prior offense was committed, the type of offense and the penalty thereof, "the date that the defendant was *convicted or plead guilty* to such offense, the identity of the court in which the conviction or plea of guilty took place *and the verdict and judgment rendered therein*." (emphasis added). Thus, by its owns terms, the statute prohibiting the possession of a firearm by a felon contemplates an individual being indicted for the crime regardless of the sentence rendered by the trial court. Furthermore, we note that under N.C. Gen. Stat. § 14-415.12(b) (2003), a sheriff is required to deny a concealed handgun permit to any applicant who "[h]as been adjudicated guilty in any court of a felony" or has "had entry of a prayer for judgment continued for a criminal offense which would disqualify the person from obtaining a concealed handgun permit." N.C. Gen. Stat. § 14-415.12(b)(3), (9). In light of the foregoing case and statutory law, we hold that by virtue of his prior guilty pleas to felony sale and delivery of a controlled substance and felony conspiracy to sell a controlled substance, plaintiff is a "convicted felon" for the purposes of N.C. Gen. Stat. § 14-404. Therefore, the trial court's judgment to the contrary is reversed.

Reversed.

Judge BRYANT concurs.

Judge LEVINSON dissents.

LEVINSON, Judge dissenting.

There is no case or controversy between the parties, and thus no basis for a declaratory judgment action. For this reason, I would reverse and remand the order of the district court with instructions to dismiss.

Plaintiff was denied a pistol purchase permit by the Forsyth County Sheriff's Office, on the grounds that he had a prior felony conviction. The record does not indicate that plaintiff ever sought review of the Sheriff's denial of his application for a permit by petition to the chief district court judge as provided in N.C.G.S. § 14-404(b) (2003). Plaintiff was later charged with the criminal offenses of perjury and obtaining property by false pretenses for his representation in the pistol permit application that he was not a convicted felon. These criminal charges were subsequently dismissed. Plaintiff then filed the instant action, which includes the following pertinent allegations:

3. This action is brought for the purpose of determining, by Declaratory Judgment action, the plaintiff's citizenship and the cons[e]quences thereto resulting from certain criminal process brought by the defendant against the plaintiff in 1980.

4. Specifically, plaintiff alleges, in support of his claim for a Declaratory Judgment the following factual controversy:

a. Certain criminal process were brought against the plaintiff in the Superior Court Division of the General Hall of Justice in Forsyth County, North Carolina, which were designated as case 80 CR 47395, 80 CR 47396 and 80 CR 47397. The specific charges were conspiracy to sell and deliver a controlled substance, possession within [sic] intent to sell and deliver a controlled substance and sale and delivery of a controlled substance.

b. On March 24, 1981, a final disposition was made of these charges and this plaintiff entered a plea of guilty to the misdemeanor charge of possession of a controlled substance and

two felony guilty pleas to sale and delivery of a controlled substance and cons[p]iracy to sell a controlled substance.

c. The plaintiff was sentenced in the misdemeanor charge to not less than twelve months, no more than eighteen months, as a regular committed youthful offender, said sentence suspended for a period of three years on the condition that he pay the costs of Court and not, at any future date, possess a controlled substance unless under a doctor's prescription. The Court entered a Prayer for Judgment continued from term to term with regard to the two felony charges and no Court costs or other consequences were attached to those charges.

d. Since the entry of those criminal Judgments, the plaintiff has exercised his State and Federal constitutional right to vote and attached hereto is a true copy of his Voter Registration Card. In addition, the plaintiff has served as a juror in the Superior Court of Forsyth County, North Carolina and attached hereto is a true copy of his juror certification.

e. The plaintiff has recently applied for a handgun permit with the Sheriff of Forsyth County, North Carolina and, as a consequence of this application and his written and verbal statement that he had never been convicted of a felony, was arrested and made to respond to certain criminal process instituted in Forsyth County, North Carolina for obtaining property by false pretense and perjury in case 03 CR 62319, the State of North Carolina contending that the "official record" of this State is that the defendant is a convicted felon.

f. When this matter came on for probable cause hearing on December 5, 2003, the Honorable Assistant District Attorney, Eric Saunders, took a voluntary dismissal of these recent charges, but the defendant believes and therefore alleges that he would be in further jeopardy if he again attempts to obtain a handgun permit under the still existing controversy and seeks to obtain a Declaratory Judgment from this Court concerning his status as a "convicted felon" and his entitlement to lawfully obtain a handgun permit.

5. A genuine controversy exists, such that the provisions of the North Carolina Declaratory Judgment Action are hereby invoked and this Court is empowered to enter a Declaratory Judgment

**FRIEND v. STATE**

[169 N.C. App. 99 (2005)]

adjudicating the plaintiff's rights to possession of a handgun, as well as his entitlement to all other constitutional privileges guaranteed by the United States of America and the State of North Carolina Constitutions.

"A justiciable controversy is a prerequisite to a court's obtaining jurisdiction. 'An actual controversy between the parties must exist at the time the complaint is filed in order for the court to have jurisdiction to render a declaratory judgment.' . . . This Court consistently has held that 'future or anticipated action of a litigant does not give subject matter jurisdiction to our courts under the Declaratory Judgment Act.' " *Town of Ayden v. Town of Winterville*, 143 N.C. App. 136, 140-41, 544 S.E.2d 821, 825 (2001) (quoting *Town of Pine Knoll Shores v. Carolina Water Service*, 128 N.C. App. 321, 494 S.E.2d 618 (1998), and *Bueltel v. Lumber Mut. Ins. Co.*, 134 N.C. App. 626, 628, 518 S.E.2d 205, 207 (1999)). "[T]o satisfy the jurisdictional requirement of an actual controversy, it is necessary that litigation appear unavoidable." *Sharpe v. Park Newspapers of Lumberton*, 317 N.C. 579, 589, 347 S.E.2d 25, 32 (1986) (citation omitted). Moreover, " 'the proceedings of a court without jurisdiction of the subject matter are a nullity.' " *Sarda v. City/Cty. of Durham Bd. of Adjust.*, 156 N.C. App. 213, 215, 575 S.E.2d 829, 831 (2003) (quoting *Burgess v. Gibbs*, 262 N.C. 462, 465, 137 S.E.2d 806, 808 (1964)).

"A challenge to subject matter jurisdiction may be . . . raised by the appellate court on its own motion, even when not raised by the parties." *Whittaker v. Furniture Factory Outlet Shops*, 145 N.C. App. 169, 172, 550 S.E.2d 822, 824 (2001) (citing *Askew v. Leonard Tire Co.*, 264 N.C. 168, 171, 141 S.E.2d 280, 282 (1965)). In the present case, plaintiff's complaint fails to demonstrate a current case or controversy between the parties. The complaint neither alleges that plaintiff reapplied for a pistol permit, nor expresses any clear intention to reapply. Plaintiff merely voices the generalized concern that he "believes and therefore alleges that he would be in further jeopardy **if** he again attempts to obtain a handgun permit under the still existing controversy." Indeed, plaintiff concedes in his complaint that his reason for seeking a declaration that he is not a convicted felon under the laws of North Carolina and is thus "entitled to all privileges and responsibilities guaranteed by United States of America and State of North Carolina citizenship" is so that the declaration will be available if he decides in the future to reapply for a pistol permit. This is clearly insufficient to support the subject matter jurisdiction of the court. *See City of Raleigh v. R.R. Co.*, 275 N.C. 454, 168 S.E.2d 389

(1969) (parties seeking judicial interpretation of city ordinance not yet adopted when suit was filed; this Court finds no justiciable case or controversy).

The holding of the majority opinion makes it unlikely plaintiff will reapply for a pistol purchase permit. Nonetheless, I observe that in the event he **does** reapply for a permit which is again denied on the basis of a prior felony conviction, he would have some recourse through the operation of G.S. § 14-404(b), which authorizes review of the Sheriff's decision by a judicial official. I make no comment on whether, under such circumstances, an ancillary action for a declaratory judgment seeking the relief set forth in this complaint could be sustained.

Finally, no case or controversy is generated by the mere fact that plaintiff's complaint was filed after certain unpleasant interactions with the Forsyth County Sheriff and District Attorney's Office. Plaintiff's complaint remains simply a complaint by a citizen who is displeased with the possible future treatment he might receive from public officials in the course of a possible future application for a pistol permit. Plaintiff's status is the same as other citizens of North Carolina who might want a declaratory judgment that they are not convicted felons. However, our courts are not available for such declarations until a case or controversy requires determination of their status.

Because I would reverse and remand with instructions to dismiss the subject complaint, I make no comment on the central issue addressed by the majority opinion.