STATE OF NORTH CAROLINA v. JOE HENRY BANDY, JR.

No. 7210SC411

(Filed 28 June 1972)

1. Criminal Law § 86— prior convictions — impeachment
      A defendant who testifies in his own behalf may be impeached by cross-examination as to prior convictions.

2. Criminal Law § 86— conviction — guilty verdict — absence of judgment
      A verdict of guilty constitutes a "conviction" for purposes of impeachment even though judgment has not been entered on such verdict.

APPEAL by defendant from *Canaday, Judge,* at the January 1972 Session of WAKE Superior Court.

Defendant was tried on two bills of indictment, proper in form, charging him with the possession and sale of heroin.

The State produced evidence that the defendant sold a substance represented as heroin to an S.B.I. undercover agent. An S.B.I. chemist testified that he had analyzed the substance and found it to be heroin.

Defendant testified that he was attempting to "con" the buyer and had actually sold him plain sugar.

On cross-examination and over defendant's objection, the solicitor questioned defendant about his conviction in a drug case tried the week before the present case. In the earlier case the jury had returned a verdict of guilty against defendant but the trial court had continued prayer for judgment until the present case was disposed of.

The case was submitted to the jury and a verdict of guilty on both charges was returned. Judgment was entered imposing a prison sentence.

From the verdict and judgment, defendant appealed.

*Attorney General Robert Morgan by Associate Attorney Ralf F. Haskell for the State.*

*Robert P. Gruber for defendant appellant.*

CAMPBELL, Judge.

Defendant's sole assignment of error is to the cross-examination of defendant by the solicitor concerning his conviction in the earlier drug case in which no judgment had been entered. Defendant contends that until a judgment had been entered on the earlier verdict it was not a conviction, and the solicitor's questions were therefore improper.

[1, 2] A defendant who testifies in his own behalf may be impeached by cross-examination as to prior convictions. *State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174 (1971). The question presented here is whether the verdict of guilty in the case before us constitutes a conviction for purposes of impeachment. We are of the opinion that it does.

In *Williams,* the Supreme Court reversed a long line of decisions allowing impeachment by cross-examination as to prior indictment and held that cross-examination as to prior criminal actions should be limited to convictions.

In *Williams,* the court reasoned that the function of the Grand Jury is not to determine guilt or innocence but merely to determine if there is sufficient evidence to justify placing the defendant on trial. Return of an indictment does not alter the presumption of innocence. An indictment is not inconsistent with innocence.

These reasons do not apply to a verdict rendered by a petit jury. The verdict was based on competent evidence introduced within the procedural and constitutional rules afforded for defendant's protection. The guilty verdict of a petit jury is not a mere accusation. It is a determination that the defendant has committed the offense. It is inconsistent with innocence.

We are aware that the word "conviction" may mean a verdict or may refer to a verdict upon which judgment has been entered depending upon the context in which it is used. 21 Am. Jur. 2d, Criminal Law, § 618.

The reasons for protecting a witness from impeachment based on mere accusation do not apply to verdicts returned by a petit jury. We therefore hold that a verdict of guilty constitutes a "conviction" for purposes of impeachment.

The solicitor's questions were not prejudicial, and in this trial we find.

No error.

Chief Judge MALLARD and Judge BROCK concur.