**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4394

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYRIUS EUGENE SMITH,

Defendant - Appellant.

United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge.  (1:17-cr-00098-MR-DLH-1)

Argued:  May 8, 2019                              Decided:  September 27, 2019

Before MOTZ, WYNN, and RICHARDSON, Circuit Judges.

Reversed by published opinion.  Judge Richardson wrote the opinion, in which Judge Motz and Judge Wynn joined.

**ARGUED:**  Ann Loraine Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Anthony Joseph Enright, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.  **ON BRIEF:**  Anthony Martinez, Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

RICHARDSON, Circuit Judge:

Tyrius Smith was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). While there is no doubt that he possessed a firearm, we must decide whether he was a felon under federal law. Answering that question is surprisingly difficult. Federal law treats someone as a felon if "convicted" of a crime punishable by more than one year in prison. 18 U.S.C. § 922(g)(1). But what exactly counts as a "conviction"? In some cases the answer seems easy—for example, where a federal judge imposes a sentence after a jury has found the defendant guilty. In other cases it is hard; this is one of them. Smith's only alleged conviction is a North Carolina larceny offense where the state-court judge imposed a "conditional discharge," as provided for by state statute, after a plea. So we must determine whether a conditional-discharge plea is a "conviction." And by statute, we must follow North Carolina law in making that determination. 18 U.S.C. § 921(a)(20).

The district court found that, under North Carolina law, a plea of guilty followed by conditional-discharge probation is a conviction. We disagree and conclude that the North Carolina Supreme Court, if faced with the question before us, would hold that a conditional-discharge plea is not a conviction for purposes of §§ 921 and 922. So Smith was not a felon, and his federal felon-in-possession conviction must be reversed.

**I.**

In 2016, Smith pleaded guilty to Larceny by Employee, N.C. Gen. Stat. § 14-74, a state-law felony punishable by imprisonment for between four and twenty-five months, *id*. at § 15A-1340.17. The judge, under statutory authority and with the consent of the prosecutor, imposed a "conditional discharge." This meant that "without entering a

2

judgment of guilt," the court "defer[ed] further proceedings and place[d] the person on probation . . . for the purpose of allowing the defendant to demonstrate the defendant's good conduct." *Id.* at § 15A-1341(a4). If Smith fulfilled the probation conditions imposed, then "any plea or finding of guilty previously entered shall be withdrawn and the court shall discharge the person and dismiss the proceedings against the person." *Id*. at § 15A-1341(a6). But if Smith were to violate a condition, then "the court may enter an adjudication of guilt" and go on to impose a sentence. *Id.*

While serving his conditional-discharge probation, Smith was caught with pistols twice. His firearm possession violated the terms of his state probation. But before the state court resolved this violation, a federal grand jury indicted Smith for being a felon in possession of a firearm. Smith agreed to a bench trial and was found guilty. The federal court sentenced him to time served and three years of supervised release.

Smith appeals his federal conviction, and we have jurisdiction to review it under 28 U.S.C. § 1291. He argues that his federal conviction is invalid because he had no prior convictions prohibiting his possession of the firearms. The Government relies on Smith's 2016 conditional-discharge plea, which Smith argues did not constitute a conviction.

## II.

Federal law generally prohibits the possession of a firearm by any person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). To be guilty of this offense, the individual must knowingly possess a firearm and know that he had been "convicted" of such an offense when he possessed it. *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019).

3

A disqualifying conviction may be either a federal or state conviction. What constitutes a "conviction" "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). So, for a state-law criminal offense, the law of the prosecuting jurisdiction determines whether something counts as a conviction. *Beecham v. United States*, 511 U.S. 368, 371 (1994); *United States v. Walters*, 359 F.3d 340, 344 (4th Cir. 2004).[1]

Smith's larceny proceedings were held in North Carolina. We must thus determine how North Carolina's Supreme Court would decide whether an individual on conditional-discharge probation had a "conviction" under the federal felon-in-possession prohibition. As North Carolina has not been called to decide this state-law question in the context of this federal criminal statute, we look at various sources of North Carolina law for evidence of how the North Carolina Supreme Court would rule.

North Carolina law lacks a single, general-use definition of conviction. Instead, the applicable definition in North Carolina depends on the context. *See State v. Bandy*, 189 S.E.2d 773, 774 (N.C. Ct. App. 1972) ("[T]he word 'conviction' may mean a verdict or may refer to a verdict upon which judgment has been entered depending upon the context

---

[1] In *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 111–12 (1983), the Supreme Court had held that what constituted a conviction for federal gun control statutes was a question of federal, not state, law. Three years later, Congress amended § 921(a)(20) to make state law controlling. *See* Firearm Owners' Protection Act, Pub. L. 99–308, § 101(5), 100 Stat. 449 (1986) (currently codified at 18 U.S.C. § 921); *see also Logan v. United States*, 552 U.S. 23, 27–28 (2007) (noting that Congress acted "in response to *Dickerson*'s holding that, for purpose of federal firearm disabilities, state law did not determine the present impact of a prior conviction").

in which it is used."); *cf. Turlington v. McLeod*, 374 S.E.2d 394, 398 (N.C. 1988) (noting that interpreting a statutory term requires considering the differing contexts in which it is used).

We begin by looking at how conviction is defined in the most analogous context: North Carolina's own felon-in-possession statute, N.C. Gen. Stat. § 14-415.1. To be clear, whether North Carolina's felon-in-possession statute prohibited Smith from possessing a firearm does not control our inquiry. *See United States v. Walters*, 359 F.3d 340, 345 (4th Cir. 2004) ("Nowhere does the federal firearm law limit its applicability to the parameters of the state firearm law."). But when a state has no all-purpose definition of conviction, courts must look somewhere. And whether a defendant has been "convicted" for the purpose of the state's own felon-in-possession statute is a good place to start. *See United States v. Chubbuck*, 252 F.3d 1300, 1304 (11th Cir. 2001) ("Viewing the term 'conviction' as context specific, the *more appropriate* source of applicable Florida law would be that surrounding Florida's own unlawful possession of firearms by a felon statute." (emphasis added)).

The North Carolina felon-in-possession ban defines "conviction" as "a *final judgment* in any case in which felony punishment, or imprisonment for a term exceeding one year . . . is authorized, without regard to the plea entered or to the sentence imposed." N.C. Gen. Stat. § 14-415.1(b) (emphasis added). Smith's guilty plea and conditional discharge—as required by statute—was done "without entering a judgment of guilt."

5

JA16; *see also id.* (deferring "further proceedings").[2] And without entry of a judgment, and until the anticipated "further proceedings" take place, the conditional discharge does not lead to a final judgment. In sum, because this definition of "conviction" requires a final judgment, and Smith had no final judgment, there was no conviction.

The Government points to a different definition of "conviction" from North Carolina's sentencing scheme, N.C. Gen. Stat. § 15A-1331(b). This provides: "For the purpose of imposing sentence, a person has been convicted when he has been adjudged guilty or has entered a plea of guilty or no contest." *Id.* Since a person is "convicted" after entering a plea of guilty, and a conditional discharge requires a guilty plea, a conditional discharge necessarily involves a conviction. But this definition is limited "[f]or the purpose of imposing sentence." *Id.* And even within the sentencing context, other provisions suggest a different result. A separate sentencing statute provides that a "convicted offender" may be placed on probation for no more than five years while someone receiving "a conditional discharge" is limited to two years. N.C. Gen. Stat. § 15A-1342(a). This provision suggests that North Carolina sentencing law does not always treat a conditional discharge as a conviction.

---

[2] A conditional discharge also fails to constitute the imposition of a "final" sentence, instead deferring it. By statute, the initial conditional-discharge probation may be followed by punishment if the defendant violates "a term or condition of a conditional discharge." N.C. Gen. Stat. § 15A-1341(a6). This punishment extends to the full extent of the punishment provided by the underlying offense. *Id.* Thus, the initial conditional-discharge probation is not a final sentence but merely a step along the path to determining the final sentence. *Cf. id.* at § 15A-101(4a) ("Judgment is entered when sentence is pronounced.").

Similarly unavailing are the Government's citations to North Carolina sentencing cases. Govt. Br. at 8. These cases do not adopt a bright-line rule that a guilty plea is a conviction for all purposes. For example, in *North Carolina v. Thompson*, the court noted that a "valid guilty plea *acts* as a conviction of the offense charged" for purpose of establishing the aggravating factors used to sentence the defendant on that guilty plea. 336 S.E.2d 78, 81 (N.C. 1985) (emphasis added). Yet the fact that the plea "acts" as a conviction in this specific circumstance suggests, if anything, that it is not a conviction in others. *Cf. United States v. Waters*, 359 F.3d 340, 346 (4th Cir. 2004) ("That an adjudication is treated *as* a conviction in specific circumstances implies that it is not so treated as a general rule.").[3] *Thompson* thus serves to confirm our conclusion above: a guilty plea may serve as a conviction for *sentencing*, not necessarily for all purposes.

The Government also seeks to analogize Smith's conditional discharge to a "prayer for judgment continued," which the North Carolina Court of Appeals has held qualified as a conviction barring issuing a firearm permit. *Friend v. North Carolina*, 609 S.E.2d 473, 476 (N.C. Ct. App. 2005). A prayer for judgment continued is a unique procedure of North Carolina criminal law that allows the court to delay sentencing a defendant who has pleaded guilty until a later term of the court. In *Friend*, the North Carolina court analyzed

---

[3] In *North Carolina v. Sidberry*, the court noted that a guilty plea "is equivalent to a conviction" for the purpose of North Carolina Rule of Evidence 609(a). 448 S.E.2d 798, 800 (N.C. 1994). As in *Thompson*, the court did not say that a guilty plea was in fact a conviction; the plea was only "equivalent" to a conviction. And it did so in the context of determining whether a guilty plea with a "prayer for judgment continued" could be used to attack the credibility of a witness.

7

whether someone who has entered such a prayer falls within the scope of a statute that prohibits issuing a firearm permit to anyone "who is under an indictment or information for or has been convicted . . . of a felony." N.C. Gen. Stat § 14-404(c)(1). Relying largely on judicial decisions in other contexts that treated a guilty plea as a conviction, the court in *Friend* reasoned that, despite the lack of any sentence, a plea followed by a prayer for judgment continued counted as a conviction under § 14-404(c)(1). *See Friend*, 609 S.E.2d at 475.

For two reasons, we conclude that the North Carolina Supreme Court would not apply *Friend*'s holding to a conditional discharge.

First, while we generally treat intermediate appellate-court decisions as good evidence of state law, we have doubts about *Friend*'s persuasiveness. *Friend* appears to find that a plea with a prayer for a judgment continued constitutes a "judgment," making the plea and prayer a conviction. *Friend*, 609 S.E.2d at 476 (noting that a conviction is a "judgment"). But this conflicts with an earlier North Carolina Supreme Court decision: "When the prayer for judgment is continued there is no judgment—only a motion or prayer by the prosecuting officer for a judgment." *State v. Griffin*, 100 S.E.2d 49, 51 (N.C. 1957). And it conflicts with a North Carolina statute: "Prayer for judgment continued upon payment of costs, without more, does not constitute the entry of judgment." N.C. Gen. Stat. § 15A-101(4a).

Only if the judge also "imposes conditions amounting to punishment (fine or imprisonment)" does a prayer for judgment order become a "final judgment." *Griffin*, 100 S.E.2d at 51. For when the prayer and punishment occur at the same time, the court must

8

treat the prayer as surplusage because the punishment creates a final judgment, subject to appeal. Since punishment has already been inflicted, "the court has exhausted its power and cannot thereafter impose additional punishment." *Id.*[4] Thus, a key predicate of *Friend*'s holding—that a "prayer for judgment continued" constitutes a "judgment"— appears to be inconsistent with North Carolina law.[5]

Second, even if we accepted *Friend*'s analysis of prayers for judgment continued, we would find conditional discharges distinguishable. In 2014, the North Carolina General Assembly amended the state's law on "Probation Generally" to authorize courts to grant a conditional discharge. N.C. Gen. Stat. § 15A-1341(a4). True, the statute requires the imposition of consequences in the form of probation with conditions, which makes it look somewhat like a conviction. Yet the imposition of probation as part of a conditional discharge is done "without entering a judgment of guilt" and instead "defer[s] further proceedings." *Id.* This procedure permits the court to impose consequences in the form of conditions and fines as part of the conditional-discharge probation while leaving open the

_____

[4] The broad rationales employed by *Friend* are also hard to square with North Carolina cases explaining that the meaning of the word "conviction" varies "depending upon the context in which it is used." *See Bandy*, 189 S.E.2d at 774. *Compare* N.C. Gen. Stat. § 14-415.1 (conviction is a "final judgment[,] … *without regard to the plea entered or to the sentence imposed*") (emphasis added), *with id.* at § 15A-1331(b) (conviction includes a "plea of guilty").

[5] Nor do the cases that *Friend* cited provide much support for its analysis. Like *Sidberry* and *Thompson* discussed above, these cases provide little clue about whether a conditional discharge should be treated as a conviction under North Carolina law for the federal felon-in-possession ban. For example, in *North Carolina v. Watts*, 325 S.E.2d 83 (N.C. Ct. App. 1985), the appellate court summarily found that a "no contest" plea counted as a conviction without discussion of whether the defendant had been sentenced.

possibility of punishment. *Id.* at § 15A-1341(a6).[6]  As a result, even if a prayer for judgment continued is properly treated as a "judgment" (as *Friend* held) and thus a conviction, the governing statute tells us that a conditional discharge is not a "judgment."

Looking for a last bastion, the Government suggests that we resolve any uncertainty by looking at the punitive purpose of the federal law.  Even were we to turn to purpose, the Government gets it exactly backwards.  If we were unsure about how North Carolina law would treat Smith's conditional-discharge guilty plea, the punitive nature of the law— particularly where Smith must *know* that he had been "convicted," *Rehaif*, 139 S. Ct. at 2194—would point us to the rule of lenity and require us to find for Smith.  *See generally United States v. Davis*, 139 S.Ct. 2319, 2333 (2019); *State v. Cates*, 573 S.E.2d 208, 210 (N.C. Ct. App. 2002).

*       *       *

Based on our review of North Carolina statutes and caselaw, we conclude that the North Carolina Supreme Court would not treat a plea of guilty followed by conditional discharge as a conviction in the context of the federal felon-in-possession statute.  Thus, Smith's conditional discharge from 2016 was not a conviction under § 921(a)(20).  So Smith could not have violated § 922(g)'s prohibition on possessing a firearm after being "convicted" of a felony.  Smith's federal conviction is therefore

*REVERSED.*

---

[6] In contrast, a prayer for judgment continued to the next term of court prohibits a court from dismissing the proceeding absent a habeas corpus petition or motion for appropriate relief. *State v. Popp*, 676 S.E.2d 613, 615 (N.C. Ct. App. 2009).

10