**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4187**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANKLIN ALEXANDER MILLS,

Defendant - Appellant.

**No. 20-4194**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANKLIN ALEXANDER MILLS,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:19-cr-00191-WO-1; 1:09-cr-00039-WO-1)

Submitted: August 30, 2021                    Decided: September 17, 2021

Before MOTZ, KING, and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Brian M. Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Franklin Alexander Mills appeals from his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and the district court's revocation of a prior supervised release term. The district court sentenced Mills to 115 months' imprisonment for the new criminal offense and a consecutive 24-month term for the supervised release violation. Finding no error, we affirm.

First, Mills argues that the district court erred in denying his motion to dismiss the indictment on the basis that the indictment did not state every essential element of the charged offense. We review the denial of a motion to dismiss an indictment de novo. *United States v. Engle*, 676 F.3d 405, 412 (4th Cir. 2012). "[A]n indictment is legally sufficient (1) if it alleges the essential elements of the offense . . . and (2) if the allegations will enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense." *United States v. Rendelman*, 641 F.3d 36, 44 (4th Cir. 2011). We conclude that the district court did not err in denying Mills' motion to dismiss the indictment, as the indictment properly "allege[d] the essential elements of the [§ 922(g)] offense." *Id.*; *see Greer v. United States*, 141 S. Ct. 2090, 2097 (2021); *United States v. Moody*, 2 F.4th 180, 196-98 (4th Cir. 2021); *United States v. Smith*, 939 F.3d 612, 614 (4th Cir. 2019).

Second, Mills argues that the district court erred in denying his motion to suppress the firearm because the search of his vehicle violated his Fourth Amendment rights. When considering a district court's denial of a motion to suppress evidence, we review factual

3

findings for clear error and legal conclusions de novo. *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021). We consider the evidence in the light most favorable to the government and "must also give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *Id.* (internal quotation marks omitted). We "particularly defer to a district court's credibility determinations" and will only "reverse a lower court's finding of fact" if we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted).

"The 'capacity to claim the protection of the Fourth Amendment depends . . . upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place.'" *United States v. Ferebee*, 957 F.3d 406, 412 (4th Cir. 2020) (quoting *Rakas v. Illinois*, 439 U.S. 128, 143 (1978)). "The law is well established that a person who voluntarily abandons property loses any reasonable expectation of privacy in the property and is consequently precluded from seeking to suppress evidence seized from the property." *Id.* (internal quotation marks omitted). We have thoroughly reviewed the record and conclude that the district court properly denied Mills' suppression motion based on his abandonment of the vehicle, as Mills thereby forfeited any privacy interest in the car or its contents.

Third, Mills argues that the district court abused its discretion in admitting evidence of a prior conviction at trial. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016). Reversal is warranted only if, in consideration of the law and facts of the case, the district court's determination "was arbitrary or irrational." *Id.* (internal quotation marks omitted).

4

Moreover, evidentiary rulings are reviewed for harmless error; an error is harmless if we can determine "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *United States v. Cone*, 714 F.3d 197, 219 (4th Cir. 2013) (internal quotation marks omitted).

We discern no reversible error. We have thoroughly reviewed the record and, even if admission of this evidence had been improper, Mills has failed to show that the testimony at issue so prejudiced his right to a fair trial that it "substantially swayed" the judgment. *See id.*

Fourth, Mills argues that the district court erroneously instructed the jury regarding the elements of a § 922(g) offense. "We review a district court's decision to give a particular jury instruction for abuse of discretion" and "whether a jury instruction incorrectly stated the law de novo." *United States v. Miltier*, 882 F.3d 81, 89 (4th Cir. 2018). In assessing whether an instruction correctly stated the law, "[w]e must determine whether the instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *Id.* (internal quotation marks omitted). After reviewing the record, we conclude that the court properly instructed the jury. *See Greer*, 141 S. Ct. at 2097; *Moody*, 2 F.4th at 196-98; *Smith*, 939 F.3d at 614.

Finally, Mills asserts that the district court erred by relying on the jury verdict from the criminal trial to revoke his prior term of supervised release. We review the district court's revocation decision for abuse of discretion and its factual findings for clear error.

5

*United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019).  As we discern no reversible error with respect to Mills' challenges to the criminal conviction, we conclude that the district court did not abuse its discretion by relying on that conviction to revoke Mills' term of supervised release.

Accordingly, we affirm the criminal and revocation judgments.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*