**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4508**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DALE ALLEN SIZEMORE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:18-cr-00371-CCE-1)

Submitted: December 30, 2021                              Decided: January 19, 2022

Before GREGORY, Chief Judge, NIEMEYER, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Nicole Royer DuPre, Assistant United States Attorney, Sandra Jane Hairston, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dale Allen Sizemore appeals from his convictions and 120-month sentence entered pursuant to his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g); and possession of a stolen weapon, in violation of 18 U.S.C. § 922(j). On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but questioning the validity of Sizemore's plea. The Government declined to file a brief. Sizemore filed a supplemental brief, raising numerous challenges.[*] After a thorough review of the record, we affirm.

I.

Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Sizemore did not preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *United States v.*

---

[*] We previously ordered counsel to file a merits brief addressing the application of *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020). However, subsequently, the Supreme Court reversed our decision in *Gary. See Greer v. United States,* 141 S. Ct. 2090 (2021). The parties filed supplemental briefs agreeing that, applying *Greer,* the district court's omission of an element of 18 U.S.C. § 922(g) during the Fed. R. Crim. P. 11 hearing was not plain error.

*Vonn*, 535 U.S. 55, 58-59 (2002); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing standard).

Counsel does not point to any specific, potential error in the proceedings. We find that the district court substantially complied with Rule 11, ensuring that Sizemore's plea was knowing, voluntary, and supported by an independent basis in fact. Further, nothing in the record suggests that, but for any minor omissions, Sizemore would not have pleaded guilty. *See United States v. Aplicano-Oyuela*, 792 F.3d 416, 427 (4th Cir. 2015) (noting that, in Rule 11 context, plain error requires showing that defendant would not have pleaded guilty but for court's error). As such, we find that the Rule 11 hearing was proper, and as such, Sizemore's guilty plea was valid.

II.

Sizemore's two prior convictions that formed the basis for his base offense level were North Carolina felony possession with intent to manufacture, sell, or deliver methamphetamine and felony possession with intent to manufacture, sell, or deliver alprazolam, both in violation of NCGS § 90-95. In his pro se brief, Sizemore asserts that his North Carolina convictions are not "controlled substance offenses" within the definition of U.S. Sentencing Guidelines Manual § 2K2.1, because (1) the North Carolina statute criminalizes selling and delivering controlled substances, while the Guidelines define a controlled substance offense otherwise; and (2) the North Carolina statute's definition of a controlled substance is broader than the federal definition, as North Carolina includes various types of isomers, while the federal definition with regard to methamphetamine includes "optical isomers" only.

3

Sizemore, however, did not object in the district court to its application of USSG § 2K2.1(a)(2). Accordingly, his challenge is reviewed for plain error only. *United States v. Hargrove*, 625 F.3d 170, 183-84 (4th Cir. 2010). To establish plain error, Sizemore must show that (1) the district court erred, (2) the error was plain, and (3) the error affected his substantial rights. *Henderson v. United States*, 568 U.S. 266, 272 (2013). A "plain" error is one that is "clear" or "obvious," *United States v. Olano*, 507 U.S. 725, 734 (1993), under "the settled law of the Supreme Court or this circuit." *United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013) (internal quotation marks omitted). In other words, the presence of the error must be beyond reasonable dispute. *United States v. Marcus*, 560 U.S. 258, 262 (2010).

Section 2K2.1(a)(2) of the Guidelines provides for the application of a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(2). A "felony conviction" is "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year," and a "controlled substance offense" has "the meaning given that term in § 4B1.2(b) and Application Note 1 of the Commentary to § 4B1.2." USSG § 2K2.1 cmt. n.1.

Under USSG § 4B1.2(b), a "controlled substance offense" means "an offense under federal or state law, punishable by imprisonment for a term exceeding one year" that "prohibits the manufacture, import, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit

4

substance) with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). Here, the underlying North Carolina offense provides that it is unlawful to "manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance." NCGS § 90-95(a)(1). While the elements are not a word-for-word match, we find that the North Carolina statute is no broader than the generic offense. *See United States v. Dozier*, 848 F.3d 180, 187 (4th Cir. 2017) (holding that West Virginia statute providing that it is unlawful to "manufacture, deliver, or possess with intent to manufacture or deliver" a controlled substance was a controlled substance offense under USSG § 4B1.2).

Turning to the issue of the definition of a controlled substance, North Carolina defines isomers as "structural, geometric, or optical isomers, and stereoisomers." NCGS § 90-87(14a); *see also* NCGS § 90-95(d)(2) (noting that "controlled substance" includes methamphetamine and its "isomer[s]"). Federal law similarly prohibits distribution of methamphetamine and its isomers, but states that the "term 'isomer' means the optical isomer." 21 U.S.C. § 802(14). Thus, Sizemore contends that the North Carolina definition of methamphetamine is broader than the federal definition and, as such, his North Carolina convictions should not have been considered "controlled substance offenses."

However, "controlled substance" is not a defined term under the Guidelines. We find that the district court correctly concluded that Sizemore's convictions for possession with intent to manufacture, sell, or deliver methamphetamine, and possession with intent to manufacture, sell, or deliver a Schedule IV controlled substance were controlled substance offenses. While Sizemore contends that the North Carolina drug schedules

5

include drugs that the federal schedules do not and that the term "controlled substance" must mean the same as it does under federal law, there is no requirement for a match between the federal and state statutes. Rather, the question is whether the state statute satisfies the Guideline, which requires only a controlled substance offense, under either federal or state law. As Sizemore's prior convictions clearly satisfy this standard, we find no error, much less plain error.

## III.

Finally, Sizemore challenges his § 922(g) conviction under *United States v. Smith*, 939 F.3d 612 (4th Cir. 2019) (holding that North Carolina guilty plea to larceny followed by conditional discharge did not constitute a "conviction" for purposes of § 922(g)), and *United States v. McAdory*, 935 F.3d 838 (9th Cir. 2019) (holding that prior Washington convictions were not punishable by imprisonment for term exceeding one year and so could not serve as § 922(g) predicate felony). We find that these cases are not applicable to Sizemore.

In 2017, Sizemore was sentenced to 6 to 17 months imprisonment for various methamphetamine and alprazolam felonies. He was not conditionally discharged, and he was sentenced to a term that could have exceeded a year in prison on each charge. Accordingly, this argument is without merit.

## IV.

In accordance with *Anders,* we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Sizemore's convictions and sentence. This court requires that counsel inform Sizemore, in writing, of the right to

petition the Supreme Court of the United States for further review. If Sizemore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sizemore. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*