**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4597**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC JAMES CLARK, a/k/a E,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  Terry L. Wooten, Senior District Judge.  (5:18-cr-00999-TLW-1)

Submitted:  August 17, 2022                     Decided:  September 12, 2022

Before AGEE and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Darren S. Haley, Greenville, South Carolina, for Appellant.  M. Rhett DeHart, Acting United States Attorney, Jane B. Taylor, Katherine Hollingsworth Flynn, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Eric James Clark of conspiracy to possess with the intent to distribute and to distribute at least 500 grams but less than 5 kilograms of cocaine and less than 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846; possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D); and possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e). The district court imposed a total sentence of 175 months of imprisonment. On appeal, Clark argues that the district court erred in denying his motion for a judgment of acquittal on all three convictions because the Government failed to present sufficient evidence as to any of them. Clark also argues that, as to the firearm count, the Government failed to charge and prove that Clark knew his status as a felon prohibited him from possessing the firearms. Finally, Clark challenges the district court's calculation of his advisory Sentencing Guidelines range. We affirm.

We review a district court's denial of a Fed. R. Crim. P. 29 motion for a judgment of acquittal based on the sufficiency of the evidence de novo. *United States v. Farrell*, 921 F.3d 116, 136 (4th Cir. 2019). "A jury's guilty verdict must be upheld if, viewing the evidence in the light most favorable to the government, substantial evidence supports it." *United States v. Haas*, 986 F.3d 467, 477 (4th Cir.) (internal quotation marks omitted), *cert. denied* 142 S. Ct. 292 (2021). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (cleaned up). A defendant challenging the sufficiency of the evidence to support his conviction faces a "heavy burden," as

2

"reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *Id.* (cleaned up).

To sustain a conviction for the substantive drug count, the Government had to establish that Clark "(1) possessed the [marijuana] (2) knowingly and (3) with intent to distribute." *United States v. Moody*, 2 F.4th 180, 189 (4th Cir. 2021). To sustain a conviction for the firearm count, the Government needed to prove that (1) Clark knowingly possessed a firearm or ammunition, (2) Clark had previously been "convicted in any court of a crime punishable by imprisonment for a term exceeding one year," (3) Clark knew "that he had been convicted of such an offense when he possessed" the firearm or ammunition, and (4) the firearm or ammunition traveled in interstate or foreign commerce. *United States v. Smith*, 939 F.3d 612, 614 (4th Cir. 2019) (cleaned up); *see Rehaif v. United States*, 139 S. Ct. 2191, 2194-96 (2019). As to the conspiracy count, the Government was required to prove: "(1) an agreement to possess cocaine [and marijuana] with intent to distribute existed between two or more persons; (2) [Clark] knew of the conspiracy; and (3) [Clark] knowingly and voluntarily became a part of this conspiracy." *United States v. Tillmon*, 954 F.3d 628, 640 (4th Cir. 2019) (cleaned up).

With respect to the substantive drug and firearm counts, Clark argues that the Government failed to demonstrate his possession of the drugs and firearms. "Possession may be actual or constructive, and it may be sole or joint." *Moody*, 2 F.4th at 189 (cleaned up). "Constructive possession requires ownership, dominion, or control over the contraband or the premises . . . in which the contraband was concealed and knowledge of the presence of the contraband." *Id.* (internal quotation marks omitted); *see United States*

3

*v. Smith*, 21 F.4th 122, 140 (4th Cir. 2021) (applying same rule to possession of firearms). "[C]ircumstantial evidence may be sufficient, considering the totality of the circumstances surrounding the defendant's arrest and his alleged possession, to establish constructive possession." *Moody*, 2 F.4th at 190 (cleaned up).

We have reviewed the record and conclude that the Government presented substantial evidence of Clark's guilt of all three offenses of conviction. Specifically, the Government demonstrated that Clark had dominion and control over the premises in which the contraband was discovered and knowledge of the existence of the contraband. Moreover, a rational trier of fact could conclude that Clark intended to distribute the marijuana discovered on the premises.

With respect to the conspiracy count, Clark stresses his view that the Government's witnesses were not credible. However, in determining whether substantial evidence supports a conviction, "[w]e do not reweigh the evidence or the credibility of witnesses, but assume that the jury resolved all contradictions in the testimony in favor of the Government." *United States v. Ziegler*, 1 F.4th 219, 232 (4th Cir. 2021). The trial record confirms that the Government provided substantial evidence that Clark both purchased and sold significant amounts of cocaine and marijuana from and to several individuals over multiple occasions. This was sufficient for a reasonable trier of fact to conclude that Clark knowingly conspired to distribute those drugs.

Next, Clark argues that the Government failed to charge, or prove at trial, that Clark knew he was prohibited from possessing a firearm, which, in Clark's view, the Government was required to do pursuant to *Rehaif*. We recently rejected an identical challenge. *See*

4

*Moody*, 2 F.4th at 196-98. In *Moody*, we explained that *Rehaif* only requires the government to prove knowledge of felon status, not knowledge that felon status prohibits firearm possession, as Clark argues here. *Id.*; *see also United States v. Collins*, 982 F.3d 236, 242 n.2 (4th Cir. 2020) (denying appellant's claim that he was unaware his status prohibited him from possessing a firearm as "a mistake of law argument, which is not a valid defense"). Therefore, we discern no *Rehaif* error.

Finally, Clark contends that the district court incorrectly calculated his criminal history category, which resulted in an improperly inflated advisory Sentencing Guidelines range. Clark argues that the district court erred in applying the career offender enhancement in U.S. Sentencing Guidelines Manual § 4B1.1(a) (2021) to the conspiracy count, which increased Clark's criminal history category from V to VI. Clark concedes that he did not raise this issue below and that this court must review his claim for plain error. "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). Having reviewed the record, we conclude that the district court did not err in calculating the Guidelines range.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5